UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,

        -against-

LUIS ANDRE DELACRUZ

                Defendant.

------------------------------------x

ORDER

08 Cr. 1080-3 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Before this Court is Defendant Luis Andre DeLaCruz's motion dated May 30, 2018, seeking this Court's recommendation to the federal Bureau of Prisons ("BOP") that Defendant be transferred from the Allenwood Low Security Correctional Facility ("Allenwood") to a residential reentry center ("RRC").[1] (*See* Def.'s Mot., ECF No. 152.) On June 18, 2018, the Government filed a letter opposing Defendant's motion. (*See* Government's Letter in Opp'n to Def.'s Mot., ECF No. 154.) Defendant's motion is DENIED.

    On March 26, 2012, this Court sentenced Defendant to 120 months' imprisonment and five years of supervised release for his role in a conspiracy to distribute five kilograms or more of cocaine. (Judgment, ECF No. 109, at 1–3.) Defendant now seeks this Court's recommendation that he be transferred to an RRC so that he can "rejoin a law-abiding society with all the available help from a prolonged placement in a federal halfway house[.]" (Def.'s Mot. at 1–2.) In support of his motion, Defendant notes that he has been incarcerated since October 25, 2008, and has remained "incident

---

[1] Although Defendant was represented by counsel at all relevant stages of the underlying criminal proceedings, his present motion was filed *pro se*. Upon its filing, copies of Defendant's motion were sent to his former counsel.

report free" while incarcerated at Allenwood. (*Id.*) Defendant also states that he is remorseful for having engaged in criminal conduct. (*Id.*)

It is well settled that the designation of inmates to particular facilities or programs rests exclusively within the purview of the BOP. *See* 18 U.S.C. § 3621(b); *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) (citations omitted). Although the BOP is statutorily mandated to consider the sentencing court's recommendation at the time of sentence as to the "type of penal or correctional facility" to which an inmate is designated, 18 U.S.C. § 3621(b)(4)(B), the final determination is for the BOP to make. *Williams*, 65 F.3d at 307. In addition, while the BOP must generally ensure that an inmate spend a portion of the final months of his term of incarceration "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community[,]" such a period of time cannot exceed twelve months. 18 U.S.C. § 3624(c)(1).

This Court declines to make the extraordinary recommendation that Defendant be transferred to an RRC to complete the remainder of his ten year sentence. As an initial matter, since Defendant has nearly two years remaining on his sentence, his request for a recommendation that he be designated to an RRC appears premature.[2] In any event, despite Defendant's assertion that he has been "incident report free" throughout his term of incarceration, (Def.'s Mot. at 2), the Government's letter identifies several recent incidents of poor behavior for which Defendant was sanctioned.[3] (*See*

---

[2] Although Defendant claims he has been in custody since October 2008, he only served about eight months in custody before his March 2012 sentence; for the remainder of that time, he was released on bail. Accordingly, Defendant's expected release date is May 13, 2020. (*See* Government's Letter at 1–2 & n.1.)

[3] Between 2014 and 2017, Defendant was sanctioned for prohibited possession of a cellular phone, prohibited possession of his Presentence Report, and his refusal to move living spaces and then engaging in an argument with prison staff. (*See* Government's Letter at 2.)

2

Government Letter at 2.) Because Defendant offers no compelling justification for why a recommendation should nonetheless issue, his motion is DENIED.

## **CONCLUSION**

Defendant's motion for a recommendation that he be designated to spend the remaining portion of his sentence in a residential reentry center, (ECF No. 152), is DENIED.

Dated: New York, New York
      June 26, 2018

                                SO ORDERED.

                                *George B. Daniels*
                                GEORGE B. DANIELS
                                United States District Judge